IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BAKARY CAMARA, | No. 4:21-CV-01024 |
| Petitioner, | (Judge Brann) |
| v. | |
| WARDEN J. L. JAMISON, | |
| Respondent. | |

## MEMORANDUM OPINION

### JUNE 30, 2021

Petitioner Bakary Camara ("Petitioner" or "Camara"), a federal prisoner incarcerated at the Allenwood United States Penitentiary, White Deer, Pennsylvania, filed the instant petition pursuant to 28 U.S.C. § 2241 on June 10, 2021.[1] On June 29, 2021, the filing fee was paid.[2] Camara challenges his October 16, 2019 sentence imposed in criminal case 2:17-cr-0448-JP-2 in the United States District Court for the Eastern District of Pennsylvania.[3]

For the reasons that follow, the petition will be summarily dismissed.

## I. PRELIMINARY REVIEW STANDARD

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[4]

---

[1] Doc. 1.
[2] Doc. 4.
[3] Doc. 1, p. 1.
[4] 28 U.S.C. foll. § 2254 (2004).

The provisions of Rule 4, which are applicable to § 2241 petitions under Rule 1(b), provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself. . . ."[5]

II. BACKGROUND

On October 16, 2019, following a jury trial to seventy months' imprisonment for one count of conspiracy to produce identification documents without lawful authority, in violation of 18 U.S.C. § 1028(f), (a)(1), and (c)(3)(A); one count of bribery, in violation of 18 U.S.C. § 666(a)(2) and (b); two counts of social security fraud, in violation of 42 U.S.C. § 408(a)(7)(B); and one count of aggravated identity theft, in violation of 18 U.S.C. §1028A(a)(1) and (c)(11).[6] No direct appeal or collateral challenge has been filed by Petitioner.[7]

Prior to filing the instant petition, Camara unsuccessfully petitioned the sentencing court for emergency compassionate release.[8]

---

[5] See electronic docket, E.D.PA., Philadelphia Division, Case 2:17-cv-0448-JP, Doc. 146.
[6] Id. at Docs. 41, 42.
[7] Id. at Docs. 43, 44.
[8] See electronic docket, E.D.PA., Philadelphia Division, Case 2:17-cr-0448-JP, Doc. 146.

In the instant petition, Camara seeks relief on three grounds of actual innocence and one ground of insufficient evidence.[9]

## III. DISCUSSION

When challenging the validity of a federal sentence and not its execution, a federal prisoner is generally limited to seeking relief by way of a motion pursuant to 28 U.S.C. § 2255.[10] A federal prisoner must file a § 2255 motion in the sentencing court, "a court already familiar with the facts of the case."[11] A challenge can only be brought under § 2241 if "it ... appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention."[12] This language in § 2255, known as the safety-valve clause, must be strictly construed.[13] Significantly, "[i]t is the inefficacy of the remedy, not the personal inability to use it, that is determinative."[14] "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year

---

[9] Doc. 1.
[10] *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997); *Russell v. Martinez*, 325 F. App'x. 45, 47 (3d Cir. 2009)("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence").
[11] *See Boumediene v. Bush*, 553 U.S. 723, 774-75 (2008); *Russell v. Martinez*, 325 F. App'x 45, 47 (3d Cir. 2009) (noting that "a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence").
[12] 28 U.S.C. § 2255(e).
[13] *Dorsainvil*, 119 F.3d at 251; *Russell*, 325 F. App'x. at 47 (stating the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law").
[14] *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002).

statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255."[15]

> Our Circuit permits access to § 2241 when two conditions are satisfied: First, a prisoner must assert a "claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision and our own precedent construing an intervening Supreme Court decision'"—in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. *Tyler*, 732 F.3d at 246 (quoting *Dorsainvil*, 119 F.3d at 252). And second, the prisoner must be "otherwise barred from challenging the legality of the conviction under § 2255." *Id.* Stated differently, the prisoner has "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." *Dorsainvil*, 119 F.3d at 251. It matters not whether the prisoner's claim was viable under circuit precedent as it existed at the time of his direct appeal and initial § 2255 motion. What matters is that the prisoner has had no earlier opportunity to test the legality of his detention since the intervening Supreme Court decision issued."[16]

Camara is clearly challenging the validity of his conviction and sentence which occurred in the Eastern District of Pennsylvania. He must do so by following the requirements of § 2255. As previously noted, Petitioner acknowledges that he neither filed a direct appeal nor a § 2255 action. Thus, he can only bring a challenge under § 2241 if it appears that the 2255 remedy is inadequate or ineffective to test the legality of his detention. He has failed to meet this burden. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative."[17] "Section 2255 is not inadequate or ineffective merely

---

[15] *Id.* at 539.
[16] *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017).
[17] *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002).

because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255."[18] Camara has not alleged actual innocence based on a change in statutory interpretation by the Supreme Court, made retroactive in cases on collateral review. And his claim is not premised on any intervening change in substantive law that would negate the criminal nature of his conduct so that his conviction is no longer valid. Because Camara fails to meet his burden of demonstrating that § 2255 is inadequate or ineffective the challenge the legality of his detention, the § 2241 petition will be dismissed for lack of jurisdiction.

## IV. CONCLUSION

Based on the foregoing, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 will be dismissed for lack of jurisdiction. The dismissal is without prejudice to Camara's right to file a § 2255 motion in the United States District Court for the Eastern District of Pennsylvania, or if appropriate seek authorization from the appropriate Court of Appeals to file a second or successive § 2255 motion.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[18] *Id*. at 539. *See also, Alexander v. Williamson*, 324 Fed. Appx. 149, 151 (3d Cir. 2009).